FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2021 JUN 23 P 3: 15

CAROL L. MICHEL
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FELONY**

### BILL OF INFORMATION FOR OPERATION OF AN UNLICENSED MONEY TRANSMITTING BUSINESS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-77 |
| v. | * | SECTION: SECT. MMAG. 3 |
| MICHAEL YUSKO, III | * | VIOLATIONS: |
| | * | 18 U.S.C. § 1960(a) |
| | * | 18 U.S.C. § 1960(b)(1)(B) |

\* \* \*

The United States Attorney charges that:

### COUNT 1
### (Operation of an Unlicensed Money Transmitting Business)

**A.  AT ALL TIMES MATERIAL HEREIN:**

1. Under Title 18, United States Code, Section 1960, it was a felony to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.

2. Cryptocurrency, a type of virtual currency, was a decentralized, peer-to-peer, network-based medium of value or exchange that may be used as a substitute for fiat currency to buy goods or services or exchanged for fiat currency or other cryptocurrencies. Examples of cryptocurrency are Bitcoin, Litecoin, and Ethereum.



3. An "unlicensed money transmitting business" was defined as a money transmitting business which affects interstate or foreign commerce in any manner or degree and failed to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulations prescribed under such section. 18 U.S.C. § 1960(b)(1)(B). Those regulations, including 31 C.F.R. §§ 1010.100(ff)(5) and 1022.380, require that money transmitting businesses register with the Financial Crimes Enforcement Network ("FinCEN"), a bureau of the Department of Treasury. The definition of such businesses includes those engaged in "the acceptance of currency, funds, or other value that substitutes for currency from one person and the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means," and accordingly it includes operations that take a commission for exchanging fiat currency for virtual currency. 31 C.F.R. §§ 1010.100(ff)(5).

4. The defendant, **MICHAEL YUSKO, III, ("YUSKO")**, was a United States citizen and resident of New Orleans, Louisiana.

5. **YUSKO** was the owner and manager of Nervous Light Capital LLC, a company registered in Louisiana and domiciled in New Orleans, Louisiana.

6. **YUSKO** used and operated bank accounts held in the name of Nervous Light Capital LLC and other companies to sell Bitcoin, Ethereum, and other cryptocurrencies to customers for profit. The other companies included Ready Demolition LLC, Patriot Concrete Pumping, LLC, Praetorian Energy, LLC, and Hudson Oak Partners LLC.

**B.    THE OFFENSE:**

From at least in or about August 2017 through on or about June 13, 2019, in the Eastern District of Louisiana and elsewhere, the defendant, **MICHAEL YUSKO, III**, willfully and knowingly did conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, Nervous Light

Capital LLC, Ready Demolition LLC, Patriot Concrete Pumping, LLC, Praetorian Energy, LLC, and Hudson Oak Partners LLC, which failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section.

All in violation of Title 18, United States Code, 1960(a) and 1960(b)(1)(B).

## NOTICE OF FORFEITURE

1. The allegations of Count 1 are incorporated in this Bill of Information by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offense alleged in Count 1, the defendant, **MICHAEL YUSKO, III**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, which constitutes or is derived from proceeds traceable to said offense.

3. If any of the above-described property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

> DUANE A. EVANS
> UNITED STATES ATTORNEY
>
> _____
> MATTHEW R. PAYNE
> La. Bar Roll No. 32631
> Assistant United States Attorney

New Orleans, Louisiana
June 23, 2021

No. _____

# United States District Court

FOR THE

__EASTERN__ DISTRICT OF __LOUISIANA__

UNITED STATES OF AMERICA

vs.

MICHAEL YUSKO, III

BILL OF INFORMATION FOR
OPERATION OF AN UNLICENSED
MONEY TRANSMITTING BUSINESS

Violation(s): 18 U.S.C. § 1960(a)
18 U.S.C. § 1960(b)(1)(B)

Filed _____, 20 __21__

_____, Clerk.

By _____, Deputy

_[signature]_

MATTHEW R. PAYNE
Assistant United States Attorney